# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**NICOLE KASPERSKI,**
**et al.,**
        **Plaintiffs,**        **CIVIL ACTION NO. 07-CV-15501-DT**

 **VS.**                        **DISTRICT JUDGE ANNA DIGGS TAYLOR**

**VILLAGE OF NEW HAVEN,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
        **Defendants.**
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO COMPEL

This matter comes before the Court on Plaintiffs' Motion to Compel filed on March 24, 2009. (Docket no. 45). Defendants have responded to the motion. (Docket no. 49). Plaintiffs filed a Reply brief. (Docket no. 51). This motion was referred to the undersigned for decision on March 27, 2009. (Docket no. 48). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). Plaintiffs' motion is now ready for ruling.

Plaintiffs' counsel took the deposition of Annette Higgins, former trustee of Defendant Village of New Haven, on February 26, 2009. (Docket no. 45 at 2). During this deposition Defendants' counsel, Mr. Paxton, instructed Ms. Higgins not to answer Plaintiffs' counsel question regarding whether Mr. Paxton told Ms. Higgins "about the questions [Plaintiffs' counsel] was going to ask" during the deposition. (Docket no. 45 ex. A). The objection was based on attorney-client privilege. (*Id*.). Plaintiffs' counsel now seeks leave of court pursuant to Fed. R. Civ. P. 30(a)(2)(A)(ii) to re-depose Ms. Higgins to determine if Ms. Higgins was "informed by Mr. Paxton as to what to expect during the deposition and more specifically the types of questions [defense counsel] would be asking her." (Docket no. 45 at 10). Plaintiffs argue that the attorney-client

privilege does not apply. Defendants oppose the motion arguing that the privilege applies and that Plaintiffs fail to show that the requested testimony of Ms. Higgins is related to the issues of the case or that admissible evidence might come out of the questions that Plaintiffs' counsel seeks to have answered. (Docket no. 49).

Plaintiffs move to compel Ms. Higgins' re-deposition pursuant to Fed. R. Civ. P. 30(a)(2)(A)(ii) which authorizes the Court to grant leave for the re-deposition of a witness to the extent it is consistent with Fed. R. Civ. P. 26(b)(2). Rule 26(b)(2) authorizes the Court to limit the frequency and extent of discovery. Such discovery must first be "otherwise allowed" under the Rules. Fed. R. Civ. P. 26(b)(2)(C). If the discovery is allowed under the Rules, the Court may nevertheless limit the extent of the discovery permitted after considering such factors as whether the discovery is unreasonably cumulative or duplicative, whether the party has had ample opportunity to obtain the information by discovery in the action, and whether the burden or expense of the proposed discovery outweighs the likely benefit of the production. (*Id.*).

This is an employment civil rights action filed by a former policewoman for the Village of New Haven. The discovery period ended on February 26, 2009. (Docket no. 32). The dispositive motion cut-off date was February 26, 2009. (*Id.*). Defendants filed a Motion for Summary Judgment on February 26, 2009 which is now pending. (Docket no. 35). Plaintiffs' motion is dated March 24, 2009, almost a month after both the end of discovery and the deposition of Ms. Higgins.[1]

---

[1] According to letters submitted by Plaintiffs' counsel, Plaintiffs knew by March 5, 2009 that Defendants' counsel would not consent to producing Ms. Higgins for another deposition. (Docket no. 51-4).

The matter which Plaintiffs' counsel wishes to inquire into in the re-deposition is tangential at best to the issue of whether Plaintiff was improperly terminated from her employment with the Village of New Haven. Plaintiffs fail to explain how the requested discovery is relevant to the issues or defenses of the action. Plaintiffs also fail to show that the requested discovery is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Finally, Plaintiffs fail to explain why their motion was filed so far beyond the close of discovery. Considering all of these factors, Plaintiffs have failed to show that the re-deposition of Ms. Higgins would be consistent with Fed. R. Civ. P. 30(a) and 26(a) and (b). Plaintiffs' motion will therefore be denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (docket no. 45) is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 14, 2009             s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 14, 2009                    s/ Lisa C. Bartlett

3

Courtroom Deputy